UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

CIVIL ACTION NO.: 05-CV-687-KKC

CLARENCE KELLY                                                                                          PLAINTIFF

v.                                      **OPINION AND ORDER**

UNITED STATES OF AMERICA
DEPARTMENT OF AGRICULTURE                                                                DEFENDANT

\* \* \* \* \* \* \*

This matter is before the Court on Defendant's Motion to Dismiss or in the alternative, Motion for Summary Judgment (Rec. No. 10). For the following reasons, the Court will GRANT the Defendant's Motion.

**I. FACTS AND PROCEDURAL BACKGROUND**

On the morning of July 11, 2003, the Plaintiff, Clarence Kelly ("Kelly"), arrived at the Laurel Bridge Recreational Area in the Daniel Boone National Forest to fish. (Rec. No. 1 p. 2). Kelly paid a fee for access to the boat ramp and parking lot. (Rec. No. 11 p. 2). There are two ways to access the 312 Boat Ramp from the parking lot; by taking the steps or by walking down the road. (Rec. No. 10 p. 2). As Kelly proceeded down the wooden steps which lead to the 312 Boat Ramp, he slipped and fell on a slimy substance, injuring his leg and shoulder. (Rec. No. 1 p. 3). Plaintiff indicates that it had rained hard the night before the fall and that everything was wet. (Rec. No. 10 p. 6). Plaintiff further states that at the time of his fall the steps were covered with a slimy substance. (Rec. No. 1 p.3). Finally, Plaintiff submits affidavits from multiple persons who state that the steps were covered with algae, leaves, and because of this condition, several of these people have ceased use of the 312 Boat Ramp entirely. (Rec. No. 11, Exhibits 5-8). Plaintiff alleges that this condition indicates that

the steps were improperly maintained by the Forest Service. (Rec. No. 11 p. 6). On July 29, 2003, Plaintiff filed a personal injury claim with the U.S. Dept. of Agriculture. That claim was denied by letter on June 24, 2006. (Rec. No. 11 p.2).

The Plaintiff, commenced this action on December 22, 2005. Kelly brought a negligence claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680. (Rec. No. 11 p. 1). The Federal Tort Claims Act allows claims for money damages against the "United States for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346 (b)(1). Since Plaintiff's injury occurred in Laurel County, Kentucky, its negligence law applies. On March 9, 2006, the Defendant filed a Motion to Dismiss or a Motion for Summary Judgment. It is this motion the Court now reviews.

## II. ANALYSIS:

### A. Summary Judgment Standard:

When matters outside the pleadings are considered, the Court treats a Rule 12 (b)(6) motion as a summary judgment motion under Rule 56. The parties have submitted affidavits and other evidence outside of the pleadings for this Court's consideration.

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 . . .

FRCP 12 (b)(6).

Under FRCP 56, summary judgment is appropriate where "the pleadings, depositions,

answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56 (c). The moving party bears the initial responsibility of providing a basis for its motion, and identifying the portions of the materials which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 322-35. Once the movant meets this burden, the opposing party "must set forth specific facts that there is a genuine issue for trial." FRCP 56(e).

Once the burden of production has shifted, the party opposing the motion cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986). Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex,* 477 U.S. at 324. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, at 322.

In considering a motion for summary judgment, the court must view the facts and draw all inferences therefrom in a light most favorable to the nonmoving party. *60 Ivy Street Corp. v. Alexander,* 822 F.2d 1432, 1435 (6th Cir. 1987). The moving party must show conclusively that there

3

is no genuine issue of material fact. *Id.* However, the Court is not to judge the evidence or make findings of fact. *60 Ivy Street Corp.*, 822 F.2d at 1435-36. Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. *Anderson,* 477 U.S. at 251-52.

### B. Kentucky Negligence Law:

Kentucky negligence law governs this claim under the Federal Tort Claims Act pursuant to 28 U.S.C. § 1346(b)(1). Under Kentucky law, Kelly was an invitee at the time of his fall. "An invitee enters upon the premises at the express or implied invitation of the owner or occupant on business of mutual interest to them both . . ." *Horne v. Precision Cars of Lexington, Inc.*, 170 S.W.3d 364, 366 (citations and quotations omitted). Kelly paid a fee of thirty-five dollars per year for a pass to use the 312 Boat Ramp. (Rec. No. 11 p. 2). As an invitee at the Daniel Boone National Forest, Kelly was owed a certain duty of care. "The business owner has an affirmative duty to exercise reasonable care to inspect for hazardous conditions." *Lanier v. Wal-Mart Stores, Inc.,* 99 S.W.3d 431, 433. However, "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge." *Horne* at 366. The Defendant had no reason to anticipate harm from the condition of the steps. Defendant states that in 26 years there have been no claims of any falls or injuries on the steps in question, and Plaintiff does not dispute this fact. (Rec. No. 15 p. 3).

"Actionable negligence consists of a duty, a violation thereof, and a consequent injury. The absence of any one of the three elements is fatal to the claim." *Williams v. Ehman*, 394 S.W.2d 905, 907 (Ky. 1965). "Duty, the first element, presents a question of law. Breach and injury, are questions

4

of fact for the jury to decide." *Pathways, Inc. v. Hammons,* 113 S.W.3d 85, 89 (Ky. 2003)(citations and quotations omitted). Summary judgment is appropriate because this Court finds that the Defendant owed Plaintiff no duty as a matter of law, and thus, Plaintiff cannot state a claim for negligence. "If no duty is owed by the defendant to the plaintiff, there can be no breach thereof, and therefore no actionable negligence. "*Rogers v. Professional Golfers Ass'n of America*, 28 S.W.3d 869, 872 (Ky. App. 2000) (quoting *Ashcraft v. Peoples Liberty Bank & Trust Co., Inc.,* 724 S.W.2d 228, 229 (Ky. App. 1987)).

**C. The Open and Obvious Rule:**

In *Standard Oil Co. v. Manis,* 433 S.W.2d 856 (Ky. 1968), the Kentucky Supreme Court held that a property owner's duty to maintain the premises in a safe condition does not extend to normal and obvious risks attendant on the use of the premises. *Id.* at 857. This rule was re-affirmed twenty years later in *Corbin Motor Lodge v. Combs,* 740 S.W.2d 944 (Ky. 1987). Although an invitee has a right to assume that the premises is reasonably safe "this does not relieve him of the duty to exercise ordinary care for his own safety, nor does it license him to walk blindly into dangers that are obvious, known to him, or would be anticipated by one of ordinary prudence." *Professional Golfers,* 28 S.W.3d at 872 (citations omitted)."The term 'obvious' means that both the condition and the risk are apparent to and would be recognized by a reasonable man in the position of the visitor exercising ordinary perception, intelligence and judgment." *Bonn v. Sears, Roebuck & Co.,* 440 S.W.2d 526, 529 (Ky. 1969) (citations omitted).

The Kentucky courts have long upheld a lower courts' grant of summary judgment, when the circumstances surrounding the plaintiffs' claims lead the lower court to find that the landowners owed no duty as a matter of law. In all three cases, the lower court found that the condition which

caused the plaintiff's injuries was open and obvious. *See Rogers v. Professional Golfers Ass'n of America*, 28 S.W. 3d 869 (Ky. App. 2000); *Johnson v. Lone Star Steakhouse & Saloon of Kentucky*, 997 S.W.2d 490 (Ky. App. 1999); *Bonn v. Sears, Roebuck & Co.,* 440 S.W.2d 526 (Ky. 1969) (stating that a condition is open and obvious when a plaintiff knew or should have known that a hazard was present, or when the risk is apparent to all those who enter the premises).

Summary judgment is appropriate in this case due to the open and obvious nature of the rainwater, leaves, and algae on the steps of the 312 Boat Ramp. Plaintiff does not dispute the following facts: at the time of his fall it was daylight, at the time of his fall the steps were wet from rain, at the time of his fall the steps were covered with leaves and algae, that this condition was common knowledge among people who visited the 312 Boat Ramp, and that the Plaintiff had visited the boat ramp "many times." (Rec. No. 11 p. 4 and Exhibits 5-8). Based on these undisputed facts, it is reasonable to infer that the condition on the steps was open and obvious and would have been apparent to an invitee exercising reasonable care. "Reasonable care on the part of the possessor of business premises does not ordinarily require precaution or even warning against dangers that are known to the visitor or so obvious to him that he may be expected to discover them." *Bonn*, at 528. Plaintiff knew or should have known that the steps were slippery due to rainfall, leaves, and algae.

When a plaintiff is as aware of the condition as the landowner is, the rule in *Manis* requires dismissal of the claim; if there is a dispute as to whether or not the condition was open and obvious a genuine issue of material fact exists precluding summary judgment. *Schreiner v. Humana, Inc.,* 625 S.W.2d 580 (Ky. 1982). Plaintiff's injury occurred on wooden steps that were exposed to the elements, and the steps were visibly covered in moss and leaves. This condition is apparent from the pictures submitted by Plaintiff (Rec. No. 11, Exhibit 9). The undisputed facts in the record lead to

no other conclusion than that the condition which caused Plaintiff's fall was open and obvious. "In short, a possessor of business premises is not liable for injuries suffered by another person due to an open and obvious condition on the premises." *Lone Star Steakhouse,* 997 S.W.2d at 492 (quoting *Corbin Motor Lodge,* 740 S.W.2d at 946). Under Kentucky law the Defendant is not liable for injuries which result from an open and obvious condition.

Plaintiff asserts that *Wallingford v. Kroger* should control in this situation. *Wallingford* sets forth an exception to the natural outdoor hazard rule "where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Wallingford,* 761 S.W.2d 621, 625 (Ky. App. 1988). In this case it is irrelevant whether the moss and leaves may be considered a natural outdoor hazard, because "[e]ven if the condition is man-made, the open and obvious rule would apply."*Professional Golfers,* 28 S.W.3d 873. Nevertheless, this Court will address Plaintiff's argument. In that case a deliveryman slipped on an icy ramp after he asked to deliver his goods through the front entrance and was denied access. The deliveryman had no choice; he had to either go up the ramp, or risk losing his position. In this action, Plaintiff was fishing, a recreational activity, and could have accessed the boat ramp by walking down the road. Therefore, the court's ruling in *Wallingford* is clearly distinguishable from Plaintiff's case.

The Plaintiff has failed to produce any evidence which establishes that the Forest Service had a duty to warn him of the open and obvious condition on the steps of the 312 Boat Ramp. Thus, Plaintiff has failed to establish an element essential to his negligence claim. Whether or not a condition is an open and obvious hazard is a question of law. *Professional Golfers,* 28 S.W.3d at 874 (Ky. App. 2000).. The undisputed facts in this case leave this Court no choice but to conclude that

the condition on the steps was an open and obvious hazard, therefore, this Court cannot find a genuine issue of material fact. Plaintiff's claim fails because Defendant owed no duty and may not be held liable for injuries which result from an open and obvious condition. Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322. Accordingly, this Court must grant the Defendant's motion.

**IV. CONCLUSION:**

For all the above reasons, the Court hereby ORDERS as follows:

1) The Defendant's Motion to Dismiss *or in the Alternative*, Motion for Summary Judgment (Rec. No. 10) is GRANTED.

2) All pending motions are hereby denied as moot, and the Clerk is directed to strike this case from the active docket.

Dated this 13th day of September, 2006.

Signed By:
*Karen K. Caldwell*
United States District Judge